UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                                    CASE NO.: 16-21945

VIRGINIA G. BEVERLY

    Debtor

---

# CHAPTER 13 PLAN
### (Modified Plan)

The Debtor proposes the following Chapter 13 Plan and makes the following declarations:

1. The future earnings of the debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows:

   a. $300.00 per month for a term of five (5) months, then $737.00 per month for the remaining fifty-five (55) months of the plan.

2. From the payments received, the Trustee will make the disbursements described below:

   a. Allowed unsecured claims for domestic support obligations and Trustee's commissions.

   b. Administrative claims under 11 U.S. C. §507 (a)(2), including attorney's fee balance of $4,160.00 (unless allowed for a different amount upon prior or subsequent objection). Said payment shall be made pursuant to Appendix F.

   c. Claims payable under 11 U.S.C. § 1326 (b)(3).

   d. Other priority claims as defined by 11 U.S.C. §507(a)(3)-(10). The Debtor anticipates the following priority claims:

      i. Comptroller of the Treasury-$2,423.00

   e. Concurrent with the payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

      i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below:

| Claimant | Redacted Account No. | Monthly Payment |
|---|---|---|
| Nationstar Mortgage | 9038 | $1,859.49 |
| Capital One Auto Finance | 9673 | $503.00 |

    ii.    Prepetition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly:

| Claimant | Anticipated Arrears | Monthly Payment | No. of Months |
|---|---|---|---|
| Nationstar Mortgage (1st mortgage) | $8,499.16 | $425.00 | 11 - 30 |
| Capital One Auto Finance | $2,257.00 | $112.85 | 11 - 30 |

    iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan: None

    iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims; and any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: None

    v.    The following secured claims will not be affected by this plan and will be paid outside of the plan directly by the Debtor:

        A.    Nationstar Mortgage (2nd mortgage)

    vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii.    In the event that the trustee is holding funds in excess of those needed to make payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.        After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims.

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court Order. The Debtor anticipates filing the following motion to value claim or avoid lien: None

4. Payments made by the trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under §1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected): None. Any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§362 and/or 1301 is automatically terminated.

7. Title to the Debtor's property shall revest in the debtor when the Debtor is granted a Discharge pursuant to 11 U.S. C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Nonstandard Provisions: None.

Date:  10/3/17

/s/ Virginia G. Beverly
_____
Virginia G. Beverly, Debtor

Date: 10/3/17

/s/ *Charlene A. Wilson*
___ _____
Charlene A. Wilson, Attorney for Debtor

Case 16-21945   Doc 52   Filed 11/21/17   Page 4 of 4